IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

TRINIDAD MARTINEZ RODRIGUEZ, *et al.*,

    Plaintiffs,

    v.

RYDER MEMORIAL HOSPITAL, INC., *et al.*,

    Defendants.

Civil No. 11-1905 (BJM)

## OPINION AND ORDER

On October 19, 2010, Wenceslao Rosado-Ayala died while receiving medical care for a slip-and-fall accident at home. His wife, Trinidad Martinez-Rodriguez ("Martinez"), and their sons, Wilmer and Wendell Rosado-Martinez, sued Ryder Memorial Hospital, Inc. ("Ryder"), Universally Trained Emergency Physicians, P.S.C. ("Physicians"), Admiral Insurance Company ("Admiral"), Dr. Jose A. Antuna-Contron ("Dr. Antuna"), and unnamed others. They allege violations of the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd, as well as medical malpractice and negligence under Puerto Rico law. Docket No. 8.

Defendants now move for summary judgment, arguing that a forum selection clause requires plaintiffs to sue in the Commonwealth's Court of First Instance. Docket Nos. 108 and 128. Plaintiffs opposed (Docket No. 125), and Physicians and Admiral replied (Docket No. 135). The motion for summary judgment is **denied**.

## BACKGROUND

The factual record is summarized here using the Local Rule 56 statements of uncontested facts provided by defendants (Docket No. 104, "Def. St.").[1] As Physicians

---

[1] Local Rule 56 requires parties at summary judgment to supply brief, numbered statements of facts, supported by citations to admissible evidence. It "relieve[s] the district court of any responsibility to ferret through the record to discern whether any material fact is genuinely in dispute," *CMI Capital Market Inv. v. González-Toro*, 520

and Admiral correctly note, plaintiffs failed to provide a statement separately admitting, qualifying, or denying each of defendants' numbered statements of fact.  *See* Docket No. 135 at 2–4.[2]  Moreover, the document plaintiffs provided, Docket No. 125-4, does not qualify as a Local Rule 56 statement, since it never cites record evidence supporting its assertions.[3]  Therefore, to the extent they are supported by record evidence, defendants' statements of fact are **deemed admitted**.  *See* Local Rule 56(e); *Mariani-Colón*, 511 F.3d at 219.

A document Martinez signed containing a forum selection clause, Def. St.¶¶ 2-3, reads:

> As a result of any act or omission, should I understand that I have suffered any physical, emotional, economic damages, or any other kind of damages, I expressly and for any claim, that arises, submit freely and voluntarily to the jurisdiction of the court of first instance, for the Commonwealth of Puerto Rico, where all related controversies would be considered and adjudicated, excluding on this manner all other forums to litigate.

Def. St.¶ 4 (*sic* throughout).

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is material only if it "might affect the outcome of the suit under the governing law," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and "[a] 'genuine' issue is one that could be resolved in favor of either party." *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004). The court does not

---

F.3d 58, 62 (1st Cir. 2008), and prevents litigants from "shift[ing] the burden of organizing the evidence presented in a given case to the district court." *Mariani-Colón v. Dep't of Homeland Sec.*, 511 F.3d 216, 219 (1st Cir. 2007).  The rule "permits the district court to treat the moving party's statement of facts as uncontested" when not properly opposed, and litigants ignore it "at their peril."  *Id.*

[2] Plaintiffs complain that this reply exceeds the ten-page limit.  Docket No. 137.  But because the court's analysis is favorable to plaintiffs even granting most of the reply's arguments *arguendo*, it is not necessary to strike the reply from the record.

[3] Physicians and Admiral then filed a "Reply Statement of Admitted and Uncontested Facts," Docket No. 136, despite plaintiffs' failure to offer a qualifying separate statement of their own.  Because a reply statement under Local Rule 56 may only respond to the nonmoving party's additional facts, and no such statement was offered, this reply has been disregarded.

weigh facts, but instead ascertains whether the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Leary v. Dalton*, 58 F.3d 748, 751 (1st Cir. 1995).

The movant must first "inform[] the district court of the basis for its motion," and identify the record materials "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); R. 56(c)(1). If this threshold is met, the opponent "must do more than simply show that there is some metaphysical doubt as to the material facts" to avoid summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party may not prevail with mere "conclusory allegations, improbable inferences, and unsupported speculation" for any element of the claim. *Medina-Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990). Still, the court draws inferences and evaluates facts "in the light most favorable to the nonmoving party," *Leary*, 58 F.3d at 751, and the court must not "superimpose [its] own ideas of probability and likelihood (no matter how reasonable those ideas may be) upon the facts of the record." *Greenburg v. P.R. Maritime Shipping Auth.*, 835 F.2d 932, 936 (1st Cir. 1987).

## DISCUSSION

Defendants claim the forum selection clause requires plaintiffs to sue in local court. Plaintiffs oppose on several grounds, two of which merit discussion. First, they argue that defendants' motion should have been filed as a Rule 12(b)(3) motion to dismiss for improper venue, and that it was therefore waived when it was not raised in or before the answer. Alternatively, they argue that the forum selection clause is unenforceable.

**I.      Waiver of the Forum Selection Challenge**

Plaintiffs assert that a forum selection clause may only be enforced by a motion to dismiss under Rule 12(b)(3), and that defendants failed to timely do so. Docket No. 125 at 4–10. *See* Fed. R. Civ. P. 12(h)(1). But in the First Circuit, a motion to dismiss based

on a forum selection clause need not be brought in a Rule 12(b)(3) motion. *See Rivera v. Centro Medico de Turabo, Inc.*, 575 F.3d 10, 15 (1st Cir. 2009) (reviewing forum selection argument styled as Rule 12(b)(6) motion, and actually treated by the district court as motion for summary judgment). Plaintiffs' suggestion that this court should employ "an uncomplicated reading" of Rule 12 that is "[d]ifferent from the First Circuit approach," see Docket No. 125 at 5, is not persuasive, for reasons that should be self-evident from the quoted language: such a reading is not the law in this circuit. Because plaintiffs have not shown that the forum selection argument was waived, I address the merits of defendants' motion for summary judgment.

## II.     Enforceability of the Forum Selection Clause

Under federal law, forum selection clauses "are prima facie valid." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). As a result, they "should be enforced unless. . . 'that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching. . . [or that] enforcement would contravene a strong public policy of the forum in which suit is brought.'" *Rivera,* 575 F.3d at 18 (quoting *M/S Bremen*, 407 U.S. at 15). But even assuming (favorably to defendants) that all plaintiffs were bound by the forum selection clause, and that it was obtained by valid consent, the clause may not be enforced because it is contrary to Puerto Rico's public policy. Specifically, Puerto Rico law prohibits the use of forum selection clauses in informed-consent forms. *Garcia-Mones v. Groupo Hima San Pablo, Inc.*, 875 F. Supp. 2d 98, 105-106 (D.P.R. 2012) (citing *Centro Medico del Turabo, Inc. v. Dep't de Salud*, 181 D.P.R. 72, 77 n.1 (2011) and Office of the Patient's Advocate Regulation No. 7617, art. 13, § 8(c)(2) (Nov. 21, 2008)). In *Rivera*, the First Circuit noted that Regulation No. 7617 reflects a strong public policy in Puerto Rico, though that court did not give it retroactive effect. *See Rivera*, 575 F.3d at 23.

The record here does not make clear whether the form was part of an informed-consent package. However, later cases in this district have held that forum selection

clauses in medical admissions forms also violate Puerto Rico's public policy and are unenforceable. In *Vazquez v. Hospital Episcopal Cristo Redentor, Inc.*, the plaintiffs, a minor and his parents, sued the hospital for medical malpractice. Civil No. 10-2216 (JAF), Docket No. 1 at 5 (Complaint). The minor in that case came to the emergency room complaining of severe abdominal pain, and his mother signed a forum selection agreement as part of his admission to the hospital. *Vazquez*, Civil No. 10-2216 (JAF), Docket No. 23 at 2-3 (Motion for Summary Judgment). The defendants moved for summary judgment based on that agreement. *Vazquez*, 2011 WL 674895. Referring to Regulation No. 7617, the court held that the agreement was against Puerto Rico's public policy and unenforceable. *Id.* at *1. *Prince v. Hospital HIMA San Pablo-Caguas* was also a medical malpractice case. 2013 WL 1840578 (D.P.R. Apr. 30, 2013). In that case, the plaintiff was airlifted to the hospital for emergency delivery and signed a forum selection agreement contained in an admissions package. *Id.* at *1. The defendants moved to dismiss the case pursuant to Rule 12(b)(6) based on the agreement. *Id.* at *5. Citing Regulation No. 7617, the court likewise held that the agreement was against Puerto Rico's public policy and unenforceable. *Id.* at *4 ("Certainly, the enactment of Regulation No. 7617 is a testament to the public policy of prohibiting the enforcement of forum selection clauses included in admissions documents for medical treatment.").

Here, the hospital visit took place in 2010, so unlike the *Rivera* case, there is no retroactivity problem. And like in *Vazquez* and *Prince*, the forum selection clause was signed as part of admission to the hospital under emergency circumstances. *See* Docket No. 125 at 2; Docket No. 136 at 2-3.[4] The strong public policy against forum selection

---

[4] Neither party contests that Martinez signed the document upon Rosado's admission to the emergency room. The defendants object to the affidavits submitted with Docket No. 125 and argue that they contradict Martinez's prior deposition testimony. Docket No. 135 at 10. An affidavit, particularly one created to oppose summary judgment, may be disregarded if it contradicts clear answers to unambiguous testimony and does not explain the change in testimony. *Colantuoni v. Alfred Calcagni & Sons, Inc.*, 44 F.3d 1, 4-5 (1st Cir. 1994). There is no material contradiction here. The deposition testimony defendants refer to in their reply discusses an insurance form signed at the hospital and forms for the two ambulance rides and the subsequent autopsy. Docket No. 136-7 at 53-54, 60, 66, 82-83. Nowhere is there clear and unambiguous testimony that mentions the forum selection clause. *See id.* Moreover, the affidavits do not contradict

clauses in admissions documents therefore applies here. And since the forum selection clause violates that public policy, it is unenforceable.

Physician and Admiral's response to this analysis is unpersuasive. They first argue:

> Plaintiffs then purport to the court that a Regulation from the Office of the Patients Advocate. In the first place, this document is not a law and in no way obligates the parties or even this Honorable Court. If such a document were to have any bearing whatsoever, it would have been made into a law. It has not. As plaintiffs state, it is persuasive at best, yet not persuasive enough, for in any scenario wherein a party willfully, freely gives informed consent, as in this case, a choice of forum clause is totally valid and enforceable, especially when plaintiff Trinidad Martínez willfully and knowingly signed the document (See Motion for Summary Judgment, Exhibit 1, supra). In it, the signatures of plaintiff Trinidad Martinez clearly appear on the consent and her initials in the checkmark stating that she had been explained all legal consequences. Plaintiffs made 2 visits to Ryder and had plenty of time to question hospital of any thing they signed.

Docket No. 135 at 8 (*sic* throughout). Reading generously, they seem to imply that the regulation banning forum selection clauses is not law, let alone evidence of public policy. However, the Supreme Court of Puerto Rico has recognized the regulation as legally binding, and as the cases above show, federal courts consistently treat it as evidence of a strong public policy. *See Garcia-Mones*, 875 F. Supp. 2d at 105 (citing *Centro Medico del Turabo*, 181 D.P.R. at 77 n. 1); *Rivera*, 575 F.3d at 23. The fact that Martinez signed it is not relevant to the public policy analysis and therefore does not provide a basis for granting summary judgment.

Physicians and Admiral further contend, without explanation, that *Garcia-Mones* "should be totally disregarded by this court" because it is not binding precedent. Docket No. 135 at 10. *Garcia-Mones* may not be binding, but it is persuasive. In *Garcia-Mones*, the plaintiff sued for medical malpractice that allegedly occurred during knee surgery.

---

Martinez's testimony that she signed forms upon her husband's admission to the emergency room, see *Id.* at 60, which is all that is relevant to the public policy analysis here.

*Garcia-Mones*, 875 F. Supp. 2d at 99-100. In that case, the plaintiff had signed a forum selection clause prior to the surgery, and the defendants moved for summary judgment based on that clause. *Id.* at 103. The court held that the clause was unenforceable based on Regulation No. 7617 and denied summary judgment. *Id.* at 105-106. The similarities between *Garcia-Mones* and the case here make *Garcia-Mones* persuasive authority, especially when viewed together with *Vazquez* and *Prince*. Moreover, the Supreme Court of Puerto Rico is the definitive authority on local law and public policy. The Supreme Court's statement to which *Garcia-Mones* cites is clear: forum selection clauses are against public policy in informed-consent documents.

Because the forum selection clause is unenforceable as a matter of public policy, defendants are not entitled to summary judgment on that ground.

## CONCLUSION

For the foregoing reasons, the motion for summary judgment is **DENIED.**

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 6th day of June, 2013.

*S/ Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge